# REPORTS OF CASES ADJUDGED

IN THE

# SUPREME COURT OF PORTO RICO

GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* ROSADO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action to Quash Proceedings and for Damages.

No. 1327.—Decided July 23, 1915.

JURISDICTION—MUNICIPAL COURTS.—According to both law and jurisprudence, the municipal courts of Porto Rico have exclusive jurisdiction of civil cases in which the amount involved does not exceed $500.

DAMAGES—PROFITS—COMPLAINT.—When a claim of 25 per cent monthly is set up in a complaint as the amount due to the plaintiff for unrealized profits and no extraordinary circumstance is pleaded, it must be held that the complaint does not state facts sufficient to constitute a cause of action as to the 25 per cent monthly.

ID.—JURISDICTION.—Considering singly the different items set up in the complaint, it was held that the district court lacked original jurisdiction by reason of the amount involved.

The facts are stated in the opinion.

*Mr. José Sabater* for the appellant.

The appellee did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action entitled an action to quash a writ of execution and for damages, originally brought in the District Court of Mayagüez by Ignacio González against Arturo Rosado. The complaint contains twenty counts which may be summarized substantially as follows:

Agustin Hernández Mena brought an action in the Municipal Court of Mayagüez against Leocadia Rodríguez and obtained judgment in his favor for $110. Execution issued

1

and certain real property was levied on and sold at public auction on October 24, 1911, for the sum of $132.28.

In another action between the said Agustín Hernández Mena and defendant Arturo Rosado the former was adjudged to pay the costs which were finally taxed by the district court at $137.20. Hernández Mena appealed to this court which by its judgment of May 22, 1911, affirmed the decision of the district court. On October 23, 1911, Arturo Rosado, the defendant, applied for and obtained from the district court a writ of execution for the said $137.20, without first making any direct demand for payment upon Hernández Mena. On October 24, 1911, the marshal of the district, in compliance with the said writ of October 23, 1911, levied on the proceeds of the sale made in execution of the judgment rendered in favor of Hernández Mena in the action to which we referred in the preceding paragraph.

On the same 24th day of October, 1911, Ignacio González, the plaintiff, presented a verified petition to the district marshal, accompanied by a surety bond, asking that the said officer deliver to him $131.55 of the $132.28 which he had levied on as belonging to Hernández Mena for the reason that the latter had assigned his rights to the former prior to the levy. The marshal refused and delivered the said sum to defendant Rosado Fussá. Plaintiff Ignacio González thereupon applied for a writ of *mandamus* against the marshal which was denied finally by the district court on the ground that the marshal would be unable to comply with the order petitioned for because he had disposed of the money levied on before having been notified of the alternative writ of *mandamus*.

As a consequence of the acts of defendant Rosado, plaintiff González alleges that the has sustained the following damages: $139.55, the amount of the credit which Hernández Mena assigned to him; $88.10 paid by him for costs and attorney fees in the *mandamus* proceeding referred to, and

$549.12 for unrealized profits. The plaintiff estimates the profits at the rate of 25 per cent monthly on $219.65.

The defendant answered the complaint denying certain allegations of the same and admitting that he received the sum of $132.27 from the district marshal in part payment of the $137.20 which Hernández Mena was adjudged to pay as costs. The defendant further maintained that Hernández Mena had knowledge of the judgment against him for the costs and alleged as new matter that he was never notified of the assignment made by Hernández Mena to the plaintiff and that in the action by Hernández Mena against Leocadia Rodríguez the name of the plaintiff was never substituted for that of Hernández Mena; that Hernández Mena and the plaintiff conspired and made the said assignment with the object of defrauding the defendant, it having been Hernández Mena, and not the plaintiff, who was present at the public sale and who was about to receive the proceeds thereof when they were levied on by the district marshal.

On November 19, 1914, the case went to trial and both parties introduced their evidence. On March 9, 1915, the court rendered judgment dismissing the complaint with costs and attorney fees against the plaintiff. Upon presentation of the memorandum of costs it was considered according to law and finally approved on March 27, 1915. The plaintiff then took the present appeal from the judgment and from the decision approving the memorandum of costs.

A careful study of this case preparatory to its decision according to law reveals the existence of a jurisdictional question which forbids us to enter upon a consideration of the same on its merits.

According to both law and jurisprudence, the municipal courts in Porto Rico have exclusive jurisdiction of civil cases in which the amount involved does not exceed $500.

In the case of *Lowande* v. *García,* 12 P. R. R., 290, the court, through Mr. Justice Figueras, made a careful study

of the matter, analyzing and comparing the various statutes governing the same. In a syllabus of the opinion the principles established therein are condensed as follows: "The jurisdiction of municipal courts in all civil cases prosecuted within their districts up to the sum of $500, including interest, *is exclusive,* and it cannot be successfully maintained in such cases that the jurisdiction of the district and municipal courts is concurrent."

The same doctrine was laid down in the cases of *Lowande* v. *García,* 13 P. R. R., 263, and *González* v. *Pirazzi,* 16 P. R. R., 7. Lately in the case of *Hernández Mena* v. *Blanco et al.,* 22 P. R. R. 719, this court affirmed the judgment of the District Court of Mayagüez which held that it had no jurisdiction of the case because it appeared from the complaint that although the amount sued for was $1,000 there was no cause of action except for $310.

If in the light of the foregoing we examine the complaint originally filed by Ignacio González against Arturo Rosado in the District Court of Mayagüez, we shall reach the conclusion without effort that the district court acted without jurisdiction in deciding the questions set up in the complaint.

The amount sued for is $768.77. Taking this sum as a basis, the jurisdiction of the court is plain, but that sum is made up of different items which should be examined separately. One of them, which is really the basis of the action, amounts to only $131.55; another, made up also of various sums for expenses incurred by reason of *mandamus* proceedings brought by the plaintiff, amounts to $88.10. The sum of these two items is $219.65. The balance of the sum of $768.77 sued for, or $549.12, is, to quote the very words of the complaint, "the amount of 25 per cent on $219.65 which the plaintiff has lost on account of not having gained it monthly as net profits on the said money employed in his business house from October 24, 1911, to date, or eighteen months."

We will refrain from considering and deciding whether or not there is a cause of action as to the items of $131.55 and $88.10 and consider only the item of $549.12 which is claimed as unrealized profits.

We summarized substantially the facts alleged in the complaint and in referring later to the item of $549.12 we literally transcribed the allegation of the plaintiff. As may be seen from all the foregoing, no extraordinary circumstance is pleaded but simply a claim is set up for 25 per cent monthly, or 300 per cent annually, as net profits on the amount which the plaintiff failed to receive and on the amount which, as he alleges, he expended by reason of the acts of the defendant, provided the said amounts had been employed in the commercial establishment of the plaintiff. The plaintiff's pretension is so extraordinary; his claim of 25 per cent monthly is so devoid of foundation that it must be concluded that he has no cause of action as to the item of $549.12.

This being the case, the amount involved in the suit is reduced to $131.55, or at most to $219.65, and the lack of original jurisdiction of the case in the district court is manifest. Even conceding that the plaintiff was entitled to an amount for profits unrealized due to his having been prevented from employing the $131.55, or $219.65, in his commercial establishment during eighteen months, taking into account the facts alleged, said profits could never be sufficient to raise the amount involved in the suit to $500.01, the amount necessary to confer original jurisdiction upon the district court.

Therefore, all the proceedings and decisions of the said court were null and void for lack of jurisdiction and it must be so held.

*Judgment and orders set aside.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.